EXHIBIT A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06832-S3**
**9/16/2021 12:49 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOEMI RENTAS,                          )
                                       )
                                       )
Plaintiff,                             )
                                       )          CIVIL ACTION
                                       )
VS.                                    )
                                       )          FILE NO. ____21-C-06832-S3____
                                       )
DENNY'S, INC. (FLORIDA), DENNY'S       )
CORPORATION F/K/A FLAGSTAR             )
COMPANIES, INC., DENNY'S, INC.,        )
RREMC JV, LLC, RREMC                   )
RESTAURANTS, LLC, RREMC, LLC,          )
and JOHN DOE,                          )
                                       )
                                       )
Defendants.                            )

## COMPLAINT

COMES NOW Plaintiff above named and shows this Court the following:

### PARTIES/JURISDICTION/VENUE

1.

At all times relevant, Plaintiff Noemi Rentas ("Plaintiff") resided at 3318 Green Hunter

Lane SE, Gainesville, Hall County, Georgia 30501.

2.

Defendant Denny's, Inc. (Florida) ("Defendant Denny's Florida") is a foreign for-profit

corporation organized under the laws of Florida, with its principal office in South Carolina and

authorized to conduct business in Georgia.

3.

Defendant Denny's Florida may be served through service upon its registered agent for service of process, to wit: C T Corporation System, 289 S Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.

Defendant Denny's Florida is subject to the jurisdiction and venue of this Court.

5.

Defendant Denny's Corporation f/k/a Flagstar Companies, Inc. ("Defendant Denny's Corporation") is a foreign for-profit corporation organized under the laws of Delaware, with its principal office in South Carolina and not authorized to conduct business in Georgia.

6.

Defendant Denny's Corporation conducts business in Georgia.

7.

Defendant Denny's Corporation may be served with second original through service upon its registered agent for service of process, to wit: C T Corporation System, 2 Office Park Court Suite 103, Columbia, Richland County, South Carolina 29223.

8.

Defendant Denny's Corporation is subject to the jurisdiction and venue of this Court.

9.

Defendant Denny's, Inc. ("Defendant Denny's, Inc.") is a foreign for-profit corporation organized under the laws of Florida, with its principal office in South Carolina and not authorized to conduct business in Georgia.

-2-

10.

Defendant Denny's, Inc. conducts business in Georgia.

11.

Defendant Denny's, Inc. may be served with second original through service upon its registered agent for service of process, to wit: C T Corporation System, 2 Office Park Court Suite 103, Columbia, Richland County, South Carolina 29223.

12.

Defendant Denny's, Inc. is subject to the jurisdiction and venue of this Court.

13.

Defendant RREMC JV, LLC ("Defendant RREMC JV") is a foreign for-profit corporation organized under the laws of Florida, with its principal office in Florida and authorized to conduct business in Georgia.

14.

Defendant RREMC JV may be served through service upon its registered agent for service of process, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

15.

Defendant RREMC JV is subject to the jurisdiction and venue of this Court.

16.

Defendant RREMC Restaurants, LLC ("Defendant RREMC Restaurants") is a foreign for-profit corporation organized under the laws of Florida, with its principal office in Florida and authorized to conduct business in Georgia.

-3-

17.

Defendant RREMC Restaurants may be served through service upon its registered agent for service of process, to wit: Corporation Service Company, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

18.

Defendant RREMC Restaurants is subject to the jurisdiction and venue of this Court.

19.

Defendant RREMC, LLC ("Defendant RREMC") is a foreign for-profit corporation organized under the laws of Florida, with its principal office in Florida and authorized to conduct business in Georgia.

20.

Defendant RREMC may be served through service upon its registered agent for service of process, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092

21.

Defendant RREMC is subject to the jurisdiction and venue of this Court.

22.

Defendant Denny's Florida, Defendant Denny's Corporation, Defendant Denny's, Inc., Defendant RREMC JV, Defendant RREMC Restaurants and Defendant RREMC (collectively "Denny's Defendants") have refused to provide Plaintiff with the name of Defendant John Doe. Upon discovery of the same, Plaintiff will amend her Complaint. It is Plaintiff's understanding and belief that the Defendant John Doe is a Georgia resident.

23.

If Plaintiff is unable to name Defendant John Doe and obtain service of process upon Defendant John Doe prior to the expiration of the statute of limitations, the case against Denny Defendants survives. Anderson v. Lewis, 344 Ga. App. 119 (2017).

**FACTUAL BACKGROUND**

24.

Denny's Defendants own, operate and manage a chain of restaurant businesses. One such restaurant business, which is owned, operated and managed by Denny's Defendant is located at Denny's 5534 Jimmy Carter Boulevard, Norcross, Gwinnett County, Georgia 30093 ("The Premises").

25.

On October 5, 2019, Plaintiff was a business invitee upon The Premises, when she slipped in liquid located on the floor and fell ("The Subject Incident").

26.

At the time of The Subject Incident and at all times relevant, Plaintiff was exercising reasonable care for her own safety.

**COUNT I**

*Negligence: Denny's Defendants*

27.

The liquid on the floor as described herein constituted a hazardous condition.

28.

Denny's Defendants were negligent by maintaining a hazardous condition on The Premises, failing to remedy the same and failing to warn Plaintiff of the same.

29.

Denny's Defendants knowledge of the hazardous condition was superior to that of Plaintiff.

30.

Denny's Defendants owed a duty to Plaintiff to exercise due care.

31.

Denny's Defendants owed a duty to Plaintiff to warn her of the hazardous condition.

32.

Denny's Defendants violated the duty of care owed to Plaintiff.

33.

The injuries and damages suffered by Plaintiff, as described herein, were proximately caused by the negligence of Denny's Defendants.

34.

Denny's Defendants were liable to Plaintiff for the injuries, damages and losses suffered by her.

## COUNT II

### *Negligence of Defendant John Doe*

35.

Plaintiff incorporates paragraph 1 through paragraph 34 as if fully restated.

36.

At the time of The Subject Incident, Defendant John Doe was the manager of the business located upon The Premises.

37.

At all times relevant, including at the time of the injury described herein, Defendant John

Doe exercised sufficient control over The Premises to justify the imposition of liability.

38.

At all times relevant, including at the time of the injury described herein, Defendant John Doe had supervisory control over The Premises.

39.

Defendant John Doe was negligent by maintaining a hazardous condition upon The Premises, failing to remedy the same and failing to warn Plaintiff of the same.

40.

Defendant John Doe's knowledge of the hazardous condition was superior to that of Plaintiff.

41.

Defendant John Doe owed a duty to Plaintiff to exercise due care.

42.

Defendant John Doe owed a duty to Plaintiff to warn her of the hazardous condition.

43.

Defendant John Doe violated the duty of care owed to Plaintiff.

44.

The injuries and damages suffered by Plaintiff, as described herein, were proximately caused by the negligence of Defendant John Doe.

45.

Defendant John Doe is liable to Plaintiff for the injuries, damages and losses suffered by her.

## DAMAGES

46.

As a direct and proximate result of the negligent acts and omissions of Defendant John Doe and Denny's Defendant (collectively "Defendants"), Plaintiff sustained serious bodily injuries, experienced great pain and suffering and incurred medical expenses as follows:

| | |
|---|---|
| Northside Fulton Hospital | $81,677.00 |
| Northside Emergency Associates | $8,153.00 |
| Northside Radiology Associates | $3,678.00 |
| Northeast Georgia Medical Center | $26,544.00 |
| Home Care | $3,944.61 |

47.

In addition to the physical injuries received by Plaintiff, she also experienced great pain and suffering, fear, anxiety, worry and inconvenience authorizing an award of general damages.

48.

Defendants are liable to Plaintiff for the injuries, damages and losses suffered by her.

WHEREFORE, Plaintiff prays that process issue and for service on Defendants as provided by law, trial by jury, judgment against the Defendants for all general and special damages proved upon the trial of the case, and that the Court grant such other relief as is just.

This 16th day of September, 2021.

TAYLOR & VIERS, P.C.

/s/Richard T. Taylor
Richard T. Taylor
Georgia Bar No. 701125
Raye Ann Viers
Georgia Bar No. 727625

-8-

2620 Buford Highway
Atlanta, Georgia 30324
404/365-9922

CRUZ & ASSOCIATES, P.C.


/s/Ruben J. Cruz
Ruben J. Cruz
Georgia Bar No. 199680

2620 Buford Highway
Atlanta, Georgia 30324
404/237-2040
*Attorneys for Plaintiff*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-06832-S3**

**9/16/2021 12:49 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOEMI RENTAS,                                )
                                             )
                                             )
Plaintiff,                                   )
                                             )          CIVIL ACTION
                                             )
VS.                                          )
                                             )          FILE NO. ___21-C-06832-S3___
                                             )
DENNY'S, INC. (FLORIDA), DENNY'S )
CORPORATION F/K/A FLAGSTAR                   )
COMPANIES, INC., DENNY'S, INC.,              )
RREMC JV, LLC, RREMC                         )
RESTAURANTS, LLC, RREMC, LLC,                )
and JOHN DOE,                                )
                                             )
                                             )
Defendants.                                  )

### PLAINTIFF NOEMI RENTAS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSION OF FACTS TO EACH DEFENDANT

### I.      PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COME NOW Plaintiff above named and, pursuant to the provisions of O.C.G.A. § 9-11-33, propounds these interrogatories to Defendant who is required to answer them separately and fully in writing and under oath, and to serve a copy of the said answers upon Plaintiffs' counsel.

Answers must be made within forty-five (45) of the date the interrogatories are served if they are served with Summons and/or Complaint. Answers must be made within thirty (30) days of the date the interrogatories are served if they are served after service of Summons and/or Complaint.

In answering the following interrogatories, Defendant must give full and complete answers based upon personal knowledge as well as that of any agents, employees, investigators, or attorneys who may have obtained information on Defendant's behalf.

These interrogatories shall be deemed continuing, and supplemental responses are required as set forth in O.C.G.A. § 9-11-26(e).

## DEFINITIONS

A.    Whenever in these Interrogatories you are requested to identify a person, please state, for each person, his/her full name, his/her home and business addresses, telephone number, place of employment and date of birth.

B.    As used herein, "Document" means every writing, data, or record of every type and description that is or has been in your possession, custody or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, handwritten notes, books, pamphlets, photographs, recordings or graphic material in whatever form, including copies, drafts and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary.

C.    As used herein, "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, group, organization or group of persons.

D.    As used herein, "Defendant," "Defendants," "you," and "your," refer to, without limitation, the named Defendant(s), together with any predecessors, successors, agents, servants, representatives and others who are in a position to act for or on behalf of Defendant(s).

E.    As used herein, "Plaintiff" refers to refers to Noemi Rentas.

F.    As used herein, the term "The Subject Incident" is defined as the incident described in Plaintiff's Complaint.

G.    As used herein, the term "The Premises" is defined as the Denny's Restaurant location identified in Plaintiff's Complaint.

## INTERROGATORIES

### 1.

Identify the following persons from the date of The Subject Incident:

A.  The store manager;

B.  The shift managers;

C.  The area or department managers for the part of the location where The Subject Incident is said to have occurred; and

D.  The employees who saw or heard the incident or responded thereto

### 2.

As to each individual identified in the response to the interrogatory immediately above, state the following:

A.  The hours of his or her shift on the date of the incident; and

B.  Whether he, she or they was/were on The Premises at the time Plaintiff alleges she fell.

### 3.

State the name of the person that is responding to these Interrogatories.

## II.    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-34(a), Defendant is requested to produce the following documents and things for inspection and copying by Plaintiff's counsel at the law offices of the

undersigned, 2620 Buford Highway, Atlanta, Georgia, 30324, thirty (30) days from the date of service hereof.

## DEFINITIONS

A.     As used herein, "Document" means every writing, data, or record of every type and description that is or has been in your possession, custody or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, handwritten notes, books, pamphlets, photographs, recordings or graphic material in whatever form, including copies, drafts and reproductions.  "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary.

B.     As used herein, "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, group, organization or group of persons.

C.     As used herein, "Defendant," "Defendants," "you," and "your," refer to, without limitation, the named Defendant(s), together with any predecessors, successors, agents, servants, representatives and others who are in a position to act for or on behalf of Defendant(s).

D.     As used herein, "Plaintiff" refers to refers to Noemi Rentas.

E.     As used herein, the term "The Subject Incident" is defined as the incident described in Plaintiff's Complaint.

F.     As used herein, the term "The Premises" is defined as the Denny's Restaurant location identified in Plaintiff's Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents, including personnel file, related to the employment of the individual identified herein as Defendant John Doe, but excluding Social Security Number.

-4-

### III.   REQUEST FOR ADMISSION OF FACTS TO DEFENDANT

COMES NOW Plaintiff, pursuant to O.C.G.A. § 9-11-36, and hereby requests Defendant within thirty (30) days after service of this request to separately make the following admissions for the purpose of this action only and subject to all pertinent objection to admissibility which may be interposed at trial.

### DEFINITIONS

A.   As used herein, "Defendant," "Defendants," "you," and "your," refer to, without limitation, the named Defendant(s), together with any predecessors, successors, agents, servants, representatives and others who are in a position to act for or on behalf of Defendant(s).

B.   As used herein, "Plaintiff" refers to refers to Guadalupe Morales-Vicente.

### REQUESTS

1.

This lawsuit is filed within the statute of limitations.

2.

Summons and Complaint were served on you within the statute of limitations.

3.

Venue is proper in this Court.

4.

This Court has personal jurisdiction over you.

5.

This Court has subject matter jurisdiction over this action.

6.

Service was proper.

TAYLOR & VIERS, P.C.


/s/Richard T. Taylor
Richard T. Taylor
Georgia Bar No. 701125
Raye Ann Viers
Georgia Bar No. 727625

2620 Buford Highway
Atlanta, Georgia 30324
404/365-9922


CRUZ & ASSOCIATES, P.C.


/s/Ruben J. Cruz
Ruben J. Cruz
Georgia Bar No. 199680

2620 Buford Highway
Atlanta, Georgia 30324
404/237-2040
*Attorneys for Plaintiff*

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-06832-S3
9/16/2021 12:49 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Noemi Rentas**

PLAINTIFF

CIVIL ACTION **21-C-06832-S3**
NUMBER:_____

VS.

Denny's Corporation f/k/a Flagstar Companies, Inc.

c/o CT Corporation System, 2 Office Park

Court, Suite 103, Columbia, SC 29223

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Richard T. Taylor
2620 Buford Highway
Atlanta, GA 30324

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____**16TH**____ day of ____**SEPTEMBER**____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-06832-S**
**10/19/2021 1:51 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Noemi Rentas,                                     :
                                                  :
      Plaintiff,                              :
                                                  :          Civil Action
v.                                                :
                                                  :          File No. 21-C-06832-S3
Denny's Inc. (Florida), Denny's Corporation :
f/k/a Flagstar Companies, Inc.,                   :
Denny's, Inc., RREMC JV, LLC,                     :
RREMC Restaurants, LLC, RREMC, LLC, :
and John Doe,                                     :
                                                  :
      Defendants.                             :

---

## ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

COMES NOW Defendants Denny's, Inc. (Florida), Denny's Corporation f/k/a Flagstar

Companies, Inc., Denny's, Inc., RREMC JV, LLC, RREMC Restaurants, LLC, and RREMC,

LLC, Defendants inappropriately named in the above- styled matter, and makes this **ANSWER**

**OF DEFENDANTS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY**

**JURY**, as follows:

### FIRST DEFENSE

All or part of Plaintiff's claims violate the applicable statute of limitations.

### SECOND DEFENSE

Defendants raise the affirmative defenses of waiver, laches, and estoppel.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be

granted.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### FIFTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

### SIXTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent actor omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### SEVENTH DEFENSE

Plaintiff has improperly named/joined one or more parties.

### EIGHTH DEFENSE

Plaintiff has failed to join an indispensable party.

### NINTH DEFENSE

Defendants raise the affirmative defenses of insufficiency of service and insufficiency of process.

### TENTH DEFENSE

Defendants are not subject to the jurisdiction and venue of this Court.

## ELEVENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## TWELFTH DEFENSE

Defendants owed no duties to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTEENTH DEFENSE

This action has been improperly filed and one or more Defendants are not subject to this court's jurisdiction.

## FIFTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

**PARTIES/JURISDICTION/VENUE**

1.

Defendants are without sufficient information to either admit or deny the allegations of this paragraph.

2.

Defendants deny, as stated, the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny, as stated, the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny, as stated, the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny, as stated, the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny, as stated, the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny, as stated, the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny, as stated, the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny, as stated, the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny, as stated, the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny, as stated, the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny, as stated, the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny, as stated, the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny, as stated, the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny, as stated, the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny, as stated, the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny, as stated, the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny, as stated, the allegations contained in Paragraph 19 of Plaintiff's

Complaint.

20.

Defendants deny, as stated, the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny, as stated, the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny, as stated, the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny, as stated, the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

24.

Defendants deny, as stated, the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny, as stated, the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny, as stated, the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## COUNT I

### Negligence: Denny's Defendants

27.

Defendants deny, as stated, the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT II

### Negligence of Defendant John Doe

35.

Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1-34 of the Complaint.

36.

Defendants are without sufficient information to either admit or deny the allegations of this paragraph; therefore they stand denied.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained in Paragraph 42of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

All other allegations, counts, claims, averments or paragraphs of Plaintiff's Complaint not specifically responded to herein, are hereby denied.

50.

Defendants deny Plaintiff's prayer for relief.

WHEREFORE, Defendants pray that Noemi Rentas' Complaint be dismissed with all costs cast upon the Plaintiff.

DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This 19th day of October, 2021.

McLAIN & MERRITT, PC

*/s/ Albert J. DeCusati*
Albert J. DeCusati
GA Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
adecusati@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day, I electronically filed the foregoing **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL BY JURY**. with the Clerk of Court using the CM/ECF System which will automatically send email notifications of such filings to attorneys of record, as follows:

Richard T. Taylor, Esq.
Raye Ann Viers, Esq.
TAYLOR & VIERS, P.C.
2620 Buford Highway
Atlanta, Georgia 30324

Ruben J. Cruz, Esq.
Cruz & Associates, P.C.
2620 Buford Highway
Atlanta, Georgia 30324

This 19th day of October, 2021.

McLAIN & MERRITT, PC

_/s/ Albert J. DeCusati_
Albert J. DeCusati
GA Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
(404) 266-9171
adecusati@mmatllaw.com